John F. Strong Deputy Chief Counsel Solar Energy Research Institute 1617 Cole Boulevard Golden, CO 80401
Dear Mr. Strong:
This is in response to your request for an attorney general's opinion on the extent of state and federal jurisdiction over the SERI permanent facility.
QUESTIONS PRESENTED AND CONCLUSIONS
Your inquiry raises the following questions:
1. What is the extent of state and federal jurisdiction over the SERI permanent facility?
 The state continues to have jurisdiction over the SERI permanent facility even though said property has been conveyed to the federal government since cession of jurisdiction has not been accepted by the federal government. The federal government is in the position of any other proprietor doing business within the State of Colorado.
2. If concurrent jurisdiction does not currently exist, how can it be established?
 Concurrent jurisdiction may be obtained by the federal government's acceptance of a statutorily authorized cession of concurrent jurisdiction.
3. Does C.R.S. 1973, 24-82-504 (1982 repl. vol. 10) create exclusive federal jurisdiction over the SERI permanent facility?
 No. This statute creates neither federal nor state jurisdiction, but rather provides that the property conveyed by the state may be used for the purpose of the SERI permanent facility notwithstanding state and/or local land use, planning, zoning, and building requirements.
ANALYSIS
On December 17, 1981, by various deeds and easement grants, the State of Colorado conveyed certain property to the federal government for solar energy research and development purposes, including the construction of a permanent facility. This conveyance was specifically authorized by the legislature. C.R.S. 1973, 24-82-501 et seq. (1982 repl. vol. 10).
Neither the documents of conveyance nor the authorizing legislation address the respective jurisdictions of the state and federal government over the SERI permanent facility. However, jurisdiction over said facility has been ceded by the state pursuant to C.R.S. 1973, 3-1-103, which states:
 3-1-103. Jurisdiction of United States over land. Exclusive jurisdiction in and over any land so acquired by the United States shall be and the same is hereby ceded to the United States for all purposes, except the service of all civil and criminal process of the courts of this state; but the jurisdiction so ceded shall continue no longer than the said United States shall own such land.
Under C.R.S. 1973, 3-1-102, the phrase "land so acquired by the United States" as used in 3-1-103 includes any land acquired,
 by purchase, condemnation, or otherwise, of any land in this state required for custom houses, court houses, post offices, arsenals, or other buildings whatever, or for any other proper purpose of the United States government. . . .
(Emphasis added.) The land over which the state ceded exclusive jurisdiction under C.R.S. 1973, 3-1-103 includes the SERI permanent facility. It is land which was acquired by the federal government "otherwise . . . for any other proper purpose of the United States. . . ." C.R.S. 1973, 3-1-102. SeeHumble Pipe Line Co. v. Waggoner, 376 U.S. 369 (1964).
Notwithstanding this cession of jurisdiction over the SERI permanent facility, jurisdiction nevertheless remains with the state since the United States has not accepted jurisdiction as required by 40 U.S.C. § 255. This statute, which implements U.S. Const. art. I, § 8, cl. 17, was amended in 1940 to include the following language:
 Notwithstanding any other provision of law, the obtaining of exclusive jurisdiction in the United States over lands or interests therein which have been or shall hereafter be acquired by it shall not be required; but the head or other authorized officer of any department or independent establishment or agency of the Government may, in such cases and at such times as he may deem desirable, accept or secure from the State in which any lands or interests therein under his immediate jurisdiction, custody, or control are situated, consent to or cession of such jurisdiction, exclusive or partial, not theretofore obtained, over any such lands or interests as he may deem desirable and indicate acceptance of such jurisdiction on behalf of the United States by filing a notice of such acceptance with the Governor of such State or in such other manner which may be prescribed by the laws of such State where such lands are situated. Unless and until the United States has accepted jurisdiction over lands hereafter to be acquired as aforesaid, it shall be conclusively presumed that no such jurisdiction has been obtained.
(Emphasis added.) This federal statute clearly requires acceptance by the United States of ceded jurisdiction for property acquired after 1940. Paul v. United States,371 U.S. 245 (1963); Adams v. United States,319 U.S. 312 (1943); People v. Sullivan,151 Colo. 434, 378 P.2d 633 (1963).
The State of Colorado conveyed certain property to the United States for the SERI permanent facility on December 17, 1981. The state also ceded exclusive jurisdiction over said facility to the United States. To date, however, the United States has not filed a notice with the governor accepting jurisdiction over the SERI property. Unless and until jurisdiction is accepted by the United States, the state retains jurisdiction and the United States is in the position of any other proprietor doing business within the state. Johnson v. Denver, 186 Colo. 398, 527 P.2d 883
(1974).
Under existing statutes, the state has ceded exclusive jurisdiction to the United States. The United States may or may not choose to accept this cession of exclusive jurisdiction by filing the appropriate notice with the governor. If the United States desires concurrent rather than exclusive jurisdiction, however, the filing of a notice with the governor will not effect such a result. State legislation offering concurrent jurisdiction must be passed, which may then be accepted by the United States in accordance with 40 U.S.C. § 255. Adams v.United States, supra. See Jamesv. Dravo Contracting Co., 302 U.S. 134 (1937);United States v. Unzeuta, 281 U.S. 138 (1930).
The United States Supreme Court and the Colorado Supreme Court have recognized that a state may cede and the United States may accept concurrent rather than exclusive jurisdiction. The states have the authority to condition cession of jurisdiction and retain jurisdiction consistent with the governmental purposes for which the property was acquired. The terms of the cession determine jurisdiction. Paul v. UnitedStates, supra; United States v.Unzeuta, supra; Collins v. Yosemite Parkand Curry Co., 304 U.S. 518 (1937); Johnson v.Denver, supra; Board of CountyCommissioners v. Donoho, 144 Colo. 321, 356 P.2d 267 (1960).
 If lands are otherwise acquired, and jurisdiction is ceded by the State to the United States, the terms of the cession, to the extent that they may lawfully be prescribed, that is, consistently with carrying out the purpose of the acquisition, determines the extent of federal jurisdiction.
James v. Dravo Contracting Co., supra, at 142 (1937).
Pursuant to 40 U.S.C. § 255, the United States has specific authority to accept "exclusive or partial" jurisdiction. Partial jurisdiction includes concurrent jurisdiction. Adams v.United States, supra. Thus, the State of Colorado may offer and the United States may accept concurrent jurisdiction over the SERI permanent facility. The offer must be in the form of state legislation and the acceptance must be in the form of a notice filed with the governor of the State of Colorado.
Finally, C.R.S. 1973, 24-82-504 (1982 repl. vol. 10) does not affect the foregoing analysis. This statute does not address the issue of state/federal jurisdiction over the SERI permanent facility, but rather assures that the property conveyed to the United States may be used for the purpose of a solar energy research facility notwithstanding state and/or local land use, planning, zoning, and building requirements.
The language of 24-82-504 is unambiguous. This statute states:
24-82-504. Siting of institute.
 Any other provision of law to the contrary notwithstanding, including, but not limited to, article 23 of title 31, article 28 of title 30, article 65.1 of this title, and part 3 of article 1 of title 34, C.R.S. 1973, use of the property described in section 24-82-503 (1) is authorized and approved for purpose of a solar energy research facility by the federal government, but, insofar as feasible, the facility shall conform to the substantive standards of any state or local building, fire, safety, health, and environmental control code or any other requirement which would otherwise be applicable.
The "other provision of law" referenced in this statute concerns state and/or local land use, planning, zoning, and building requirements. The reference to these requirements in conjunction with the additional reference to state or local building, fire, safety, health, and environmental requirements clearly defines the scope of 24-82-504. There is nothing within this statute to evidence a legislative intent to affect state/federal jurisdiction.
SUMMARY
The State of Colorado currently has jurisdiction over the SERI permanent facility, which has been conveyed to the federal government, since the United States has not accepted the state's cession of exclusive jurisdiction. If the United States desires to exercise concurrent jurisdiction with the state rather than exclusive jurisdiction, state legislation offering concurrent jurisdiction is necessary, which offer may be accepted by the federal government's filing of a notice with the Governor of the State of Colorado. The provisions of C.R.S. 1973, 24-82-504 (1982 repl. vol. 10) do not affect state/federal jurisdiction. This statute only addresses the applicability of certain state and/or local land use, planning, zoning, building, and other health, safety, and welfare requirements.
Very truly yours,
 DUANE WOODARD Attorney General
JURISDICTION FEDERAL AGENCIES STATE AGENCIES
C.R.S. 1973, 3-1-102
C.R.S. 1973, 3-1-103
C.R.S. 1973, 24-82-501 et seq. (1982 repl. vol. 10)
40 U.S.C. § 255
GOVERNOR, OFFICE OF
The State of Colorado currently has jurisdiction over the SERI permanent facility which has been conveyed to the federal government, since the United States has not accepted the state's cession of exclusive jurisdiction. If the United States desires to exercise concurrent jurisdiction with the state rather than exclusive jurisdiction, state legislation offering concurrent jurisdiction is necessary which may be accepted by the federal government's filing of a notice with the Governor of the State of Colorado. The provisions of C.R.S. 1973, 24-82-504 (1982 repl. vol. 10) do not affect state/federal jurisdiction. This statute only addresses the applicability of certain state and/or local land use, planning, zoning, building, and other health, safety, and welfare requirements.